UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO.<br><br>_____ |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| KEVIN G. KIRKEIDE, an individual;<br>HARRY SARGEANT, an individual;<br>IOTC FINANCIAL SERVICES, LLC, and any<br>successor entity; and IOTC Financial Services,<br>LLC 401(k) Profit Sharing Plan, | )<br>)<br>)<br>)<br>) | **C O M P L A I N T**<br>**(Injunctive Relief Sought)** |
| Defendants. | ) | |

Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, UNITED STATES

DEPARTMENT OF LABOR ("Secretary") alleges as follows:

      1.    This cause of action arises under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under

§§ 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices

which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of

fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as

may be appropriate to redress violations and enforce the provisions of that Title.

      2.    This court has subject matter jurisdiction over this action pursuant to

ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

      3.    Venue lies in the Southern District of Florida pursuant to § 502(e)(2) of

ERISA, 29 U.S.C. § 1132(e)(2).

4. The IOTC Financial Services, LLC 401(k) Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant IOTC Financial Services, LLC, in addition to any successor entity (together, "the Company"), a Florida limited liability company, the Plan sponsor, and the Plan administrator, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant Kevin G. Kirkeide, an individual, the Company's chief financial officer, and Plan trustee, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

7. Defendant Harry Sargeant, an individual and owner of the Company, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). Upon information and belief, Defendant Sargeant controlled the Company's assets, including the Plan assets which were commingled with the Company's accounts.

7. The Plan was established by the Company in 2007.

## ALLEGATIONS AND CLAIMS CONCERNING FIDUCIARY DEFENDANTS' FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS

8. The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions. The Plan was also funded by safe harbor matching contributions and discretionary employer profit sharing contributions. According to the Plan's governing documents, the Company is required to make basic safe harbor contributions to each Plan participant's account 100 percent of the employee participant's salary referral not to exceed three (3) percent of each participant's compensation, plus 50 percent of the participant's deferral between three (3%) and five percent (5%) of his or her compensation.

9. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

10. For payroll periods between January 15, 2012 and December 31, 2012, Defendants the Company, Kirkeide, and Sargeant (collectively, the "Fiduciary Defendants") withheld employee contributions to the Plan in the approximate amount of $18,854, failed to segregate the contributions from Company assets as soon as they reasonably could do so and failed to timely forward them to the Plan in accordance with ERISA and the governing Plan documents.

11. For payroll periods between January 15, 2012 and December 31, 2012, the Fiduciary Defendants withheld employee contributions to the Plan in the approximate amount of $9,935.60, failed to segregate the contributions from Company assets as soon as they reasonably could do so and never forwarded them to the Plan.

12. During the periods that participant contributions were not remitted to the Plan as required, the Fiduciary Defendants caused or allowed the contributions to be commingled with the general assets of the Company.

13. The Fiduciary Defendants caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

14. The Fiduciary Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

15. The Fiduciary Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

16. By the actions described in paragraphs 8 through 15, the Fiduciary Defendants, as fiduciaries of the Plan,

(a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

(d) failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

(e) failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(f) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(g) dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(h) acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

17. The Fiduciary Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make

reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

## ALLEGATIONS AND CLAIMS CONCERNING FIDUCIARY DEFENDANTS' FAILURE TO ADMINISTER THE PLAN

18. The Plan currently has approximately three (3) participants and assets of approximately $41,758.43 which are held by Nationwide Bank.

19. The Fiduciary Defendants have failed to administer the Plan, as a result of which participants have been unable to receive information about their funds and are unable to gain access to their funds. Further, the last Form 5500 report filed with the Plaintiff was for Plan year ending December 31, 2010, and the Fiduciary Defendants have failed to produce documents showing that individual Plan benefit statements were provided to Plan participants.

20. By causing, allowing or engaging in the acts or omissions set forth in paragraph 19, the Fiduciary Defendants breached their fiduciary obligations under ERISA by:

(a) failing to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of § 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A); and

(b) failing to discharge its duties with respect to the Plan with the requisite degree of care, skill and prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use the conduct of an enterprise of a like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

    A.    Order the Fiduciary Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations

    B.    Order that the Plan set off the individual Plan accounts of Defendant Kevin G. Kirkeide against the amount of losses, including lost opportunity costs, resulting from his fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Fiduciary Defendants and reallocated to the non-breaching participants;

    C.    Appoint a successor fiduciary or administrator, at the Fiduciary Defendants' expense in reimbursing the Plan for any fees it pays to the successor fiduciary or administrator;

    D.    Permanently enjoin the Fiduciary Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

    E.    Enjoin the Fiduciary Defendants from engaging in any further action in violation of Title I of ERISA;

    F.    Award Plaintiff the costs of this action; and

    G.    Provide such other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5435
 (404) 302-5438 (FAX)
Email:
chastain.lydia.j@dol.gov
ATL.FEDCOURT@dol.gov

SOL Case No. 18-00514

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By:/s/ Lydia J. Chastain
    LYDIA J. CHASTAIN
    Trial Attorney
    Georgia Bar No. 142535

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff